[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By complaint dated July 3, 2000, the plaintiff husband, Jacek Marczyk, commenced this action seeking a dissolution of marriage on the ground of irretrievable breakdown and other relief. By agreement of the parties, pendente lite orders were entered on December 13, 2000.
The parties intermarried on August 6, 1991 in West Hartford, Connecticut. The husband has resided continuously in the state of Connecticut for at least twelve months prior to the filing of this action. All statutory stays have expired. One child has been born to the parties since the date of the marriage. No state or municipal agency has or is contributing to the support of the parties or their minor child.
The plaintiff husband became a United States citizen in 1990. He presently is employed as a ceramic tile subcontractor but previously was on worker's compensation for a period of four years as the result of an injury. Before that, he was employed as a truck driver. He is the sole owner of Perfect Ceramics, a business that he started with the wife's brother, using his worker's compensation monies. He presently has a back injury which prevents him from engaging in manual labor but he brings in business and hires employees to do the work. According to his financial CT Page 8852 affidavit his business grossed $95,530.00 in the year 2000.
The wife is the sole owner of Victorian Day Spa, a spa/salon business that she started in 1998 with funds from her parents and from the marriage. She resides in the family home with the parties minor child, her daughter from a previous relationship and her parents. There is some indication that her parents financially contribute to the household expenses. Her business grossed $35,000.00 in the year 2000.
There is no dispute that when the parties married, the wife was not a United States citizen and that the marriage assisted her in qualifying for citizenship. In fact, she became a citizen in August, 1996 and filed for divorce in September, 1996, a complaint that she subsequently withdrew because, by her own testimony, she couldn't afford to pursue it.
In 1994 or 1995, the wife was arrested after an incident of domestic violence. In the summer of 2000, the wife was again arrested after allegedly hitting the husband with the computer keyboard. During the summer of 2000, the husband was arrested for threatening the wife. Based on the testimony, the court finds that the marriage was mutually emotionally and physically abusive
There was conflicting testimony presented with respect to loans/gifts made to the wife by the husband and monies owed to the wife. The court is unable to find that either party owes any money to the other or that the transactions during the marriage were anything other than marital property being used to support the couple. The court does find that both parties have understated their net income on the financial affidavits and by their testimony.
The court has considered all of the testimony and exhibits entered at trial as well as the factors set forth in Connecticut General Statutes §§ 46b-81, 46b-82, and 46b-62 and other pertinent statutes, the parties' earnings, and earning capacity differentials, and the consequences of the financial awards set forth below. Judgment shall enter dissolving the marriage of the parties on the ground of irretrievable breakdown. It is further ordered that:
1. Custody
There is no dispute over the child's custody. The parties have agreed to joint custody of the minor child with primary residence with the wife. The husband shall have reasonable rights of visitation to include alternating weekends from Friday, 6:00 p.m. to Sunday, 5:00 p.m., every Tuesday, 5:00 p.m. to 7:00 p.m., and every other Thursday, 5:00 p.m. to CT Page 8853 7:00 p.m. The husband shall also have 2 consecutive weeks in the summer, alternating school vacation weeks and alternating holidays. At Christmas, the husband shall have the child each Christmas eve, 5:00 p.m to 9:00 p.m., the wife from 9:00 p.m. Christmas eve to 5:00 p.m. Christmas day.
Each of the parents shall continue to have a full and active role in providing a sound ethical, economic, and educational environment for the child. These powers shall not be exercised for the purpose of frustrating, denying, or controlling in any manner the social development of the child by the other parent. The parents shall exert their best efforts to work cooperatively to develop future plans for the child consistent with the best interests of the child and to amicably resolve such disputes as may arise from time to time.
Recognizing the abiding need for the maintenance of a sense of dual parenthood for the benefit of the child and recognizing the deep and abiding love that each parent has for the child, the parties shall work together to maintain free, open and unhampered contact between the child and the parents. Each of the parties shall allow the child to maintain free access with the other parent when the child is in residence with them, and foster a feeling of affection between the child and the other parent. Neither parent shall do anything that will estrange the child from the other parent, which will injure the opinion of the child as to the other parent or which will impair the natural development of the child's love and respect for each of the parents.
2. Financial orders
In fashioning these orders, the court has again considered the statutory requirements.
a. Child Support
Pursuant to Connecticut Child Support guidelines, and upon review of testimony and exhibits, the husband shall pay to the wife, $140.00 per week for the support and maintenance of the minor child. The husband shall also be responsible for 50% of the daycare expenses for the child to include daycare by a family member. Those expenses include the hours on the weekend when the wife must work and when the husband fails to take the child during the regular visitation.
b. Medical Insurance and Unreimbursed Expenses
Each party shall be responsible for their own health insurance and unreimbursed medical expenses. CT Page 8854
The husband shall be responsible for providing medical and dental insurance for the benefit of the minor child as available through his place of employment and at reasonable cost to him. The parties shall each be responsible for 50% of any co-pays and unreimbursed medical and dental expenses for the child.
c. Asset Distribution
The husband and wife shall each retain their respective businesses free and clear of any claim by the other party. The husband shall pay to the wife 20% of any award from any worker's compensation claim or personal injury claim that arose during the marriage that is currently pending or which continues to provide or will provide future benefits to the husband. The husband shall provide documentation with respect to any award, to the wife within fourteen days of this judgment.
Each party shall retain their respective savings accounts and vehicles listed on their financial affidavits. The husband shall retain his tools.
d. Alimony
The court makes no alimony award to either party.
e. Taxes
The parties shall alternate the minor child as an income tax deduction. Husband shall have odd years, wife shall have even years.
6. Liabilities and Debts
a. Each party is responsible for debts in their own name and for their own attorney's fees.
Prestley, J.